Thelma CRAIS, Appellant,

v.

Neal HAYNES, et al., Appellees.

No. 10–93–078–CV.

Court of Appeals of Texas,
Waco.

Dec. 22, 1993.

Kenneth W. Byford, Byford & Associates, P.C., Dallas, for appellant.

Lisa Stegall, Thompson, Coe, Cousins & Irons, Dallas, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

### ORDER

PER CURIAM.

To review the granting of the judgment n.o.v., we require copies of the court's charge, the jury verdict, and the judgment rendered on the verdict, which were not requested and have not been included in the transcript on file. Rule 51(a) states that "[u]nless otherwise designated by the parties in accordance with Rule 50, the transcript on appeal *shall* include copies of the following: ... the charge of the court and the verdict of the jury ... [and] the court's judgment or other order appealed from...." *See* TEX. R.APP.P. 51(a). Rule 55 allows us, in order to remedy defects appearing after submission, to set the submission aside and "make such orders as may be necessary to secure a more satisfactory submission of the case...." *Id.* at 55(c).

■ We are mindful of the language of Rule 50(d) which states that the burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. *Id.* at 50(d). We are also aware of the opinion in *Attorney General of Texas v. Segree*, 694 S.W.2d 383, 384 (Tex.App.—Corpus Christi 1985, no writ), which provides that the burden rests upon the appellant to see that the appellate record is timely filed, despite the language of what was then Rule 376 of the Rules of Civil Procedure, which directed the clerk of the trial court to prepare and transmit a transcript of the proceedings upon perfection of the appeal. TEX.R.CIV.P. 376 (Vernon 1985).

However, Rule 83 states that "[a] judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities...."

■ Because we believe that the omission of the charge, verdict and judgment from the transcript is a "defect of appellate procedure," we hereby set aside the submission pursuant to Rule 55(c) and order the clerk to prepare and forward to us by way of supplemental transcript the court's charge, the jury verdict, and judgment rendered on the verdict within thirty days of the date of this opinion. *See id.* at 55(c), 83. Upon receipt of the supplemental transcript, the case will be resubmitted for review without oral argument.