**In the Interest of K.C.B.,
a Child, Petitioner.**

No. 07–1068.

Supreme Court of Texas.

April 18, 2008.

James C. Fling, Adkins & Fling, Shamrock TX, for Petitioner.

Trevor Allen Woodruff, Gregory Donald Williams, Johnnie Beth Page, Texas Department of Family and Protective Services, Austin TX, for Respondent.

John Holman Weigel, Altus OK, Dale A. Rabe Jr., Bird, Bird & Rabe, Childress TX, for person interested in case.

Robert Finney, Pampa TX, for Intervenor.

PER CURIAM.

As a prerequisite to appellate review, the Texas Family Code requires a party whose parental rights have been terminated to timely file with the trial court a statement of points on which the party intends to appeal. TEX. FAM.CODE § 263.405(b), (i).[1] The petitioner in this case timely filed such a statement and designated it for inclusion in the clerk's record, but the statement was omitted from the record that was filed with the appellate court. Concluding that the petitioner had failed to comply with the Family Code, the court of appeals affirmed the trial court's judgment without addressing the merits. *In Interest of K.C.B.*, (Tex. App.-Amarillo, 2007) 240 S.W.3d 454, 455. The court of appeals denied the petitioner's subsequent request to supplement the record and motion for rehearing. *Id.* We hold that the petitioner complied with the statutory requirements for appeal and that the court of appeals erred in denying her request to supplement the record on rehearing. Accordingly, we reverse the court of appeals' judgment and remand the case for consideration of petitioner's appeal on the merits.

An associate judge terminated Angela Melton Brown's parental rights to her child, K.C.B. Brown appealed that decision to the district court and timely filed a statement of points upon which she intended to rely. *See* TEX. FAM.CODE § 263.405(b), (i). After a trial de novo, the district court signed a final order terminating Brown's parental rights. Brown timely filed a second statement of points on which she intended to appeal the district court's final order and requested that the "Statement of Points of Error to be Relied on by Appellant on Appeal" be included in the clerk's record. Only the first statement of points was included in the record filed with the court of appeals, however, and Brown did not notice the second statement's omission. Unaware that a second statement of points had been filed in the trial court but omitted from the record, the court of appeals held that Brown had failed to comply with section 263.405 of the Family Code and affirmed the trial court's judgment without reaching the merits. 240 S.W.3d at 455; *see* TEX. FAM.CODE § 263.405(b), (i).

Brown filed a motion for rehearing contending the court of appeals should have found her first statement of points sufficient and, alternatively, that she had in fact properly filed a second statement of points in the trial court and designated its inclusion in the record. Brown attached as an appendix to her motion the second statement of points, which bore the district clerk's file stamp, and requested leave to supplement the clerk's record. The court of appeals denied both Brown's supplementation request and her motion for rehearing. 240 S.W.3d at 455.

It is undisputed that Brown complied with the statute by timely filing her statement of points with the district court after the final order was signed. In addition, Brown designated the "Statement of Points of Error to be Relied on by Appellant on Appeal" for inclusion in the clerk's record. *See* TEX.R.APP. P. 34.5(a)(13). Although Brown's description could have been more specific as there were two

---

1. Section 263.405(b) of the Family Code requires a party who intends to appeal a final order terminating parental rights to timely file with the trial court "a statement of the point or points on which the party intends to appeal." TEX. FAM.CODE § 263.405(b). Section 263.405(i) provides that "[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal." *Id.* § 263.405(i).

statements filed in the trial court, her designation was sufficient to encompass the second statement of points. According to Brown, the first indication she had that the second statement was not included in the clerk's record was when the court of appeals issued its opinion, at which point she sought to correct the omission by requesting leave to supplement the record.

The Department of Family and Protective Services contends it was Brown's burden to ensure that the proper record was before the court of appeals, and Brown was put on notice of the omission by the Department's appellate brief and during oral argument. Citing our decision in *Worthy v. Collagen Corp.*, 967 S.W.2d 360, 365–66 (Tex.1998), the Department claims the court of appeals did not abuse its broad discretion in denying leave to supplement the record after the case had been decided.

In *Worthy*, the appellant failed to include her original petition in the clerk's record on appeal. *Id.* After discovering the omission, Worthy moved for and was granted leave to supplement the record, but she never followed through by filing a supplemental record. *Id.* at 365. The court of appeals proceeded to decide the case on the merits, and dismissed some of Worthy's claims because there was no indication in the record that she had preserved them. *See id.* Worthy again moved to supplement the record, and this time the court of appeals denied her leave. We upheld the court of appeals' decision, noting:

> It certainly does not serve judicial economy for the appellate court to allow a supplementation of the record *that would require it to reconsider its decision on the merits* when a party has had ample opportunity to correct the omission prior to decision. The court of appeals decided this case *not on a procedural technicality but on a record Wor-*

> *thy failed to supplement even after requesting and being granted leave to do so.*

*Id.* at 366 (emphasis added). We distinguished our decision in *Silk v. Terrill*, 898 S.W.2d 764 (Tex.1995) (per curiam), in which we held that the court of appeals had abused its discretion by denying leave to supplement the record when the omitted item had been attached to the party's brief and the party requested leave to supplement after oral argument but before the court's decision issued. In *Silk*, we emphasized that "[j]udicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature. In the interests of justice and fair play, cases should be decided on the merits when deficiencies of this nature can be easily corrected." *Id.* at 766.

The Department argues that *Worthy* applies here because Brown should have been made aware of the record deficiency by the Department's briefing and oral argument in the court of appeals. *See Worthy*, 967 S.W.2d at 365–66. However, the Department's indications were less than clear. The Department's brief did isolate two specific omissions in Brown's first statement of points for which it claimed section 263.405(i) precluded review, signaling perhaps that the Department was relying on the wrong statement of points. On the other hand, the Department's failure to argue that *all* assigned error should escape review because the record lacked a statement of points as to the final order could have reasonably led Brown to presume that her second statement was a part of the record. The Department claims that, in any event, the record omission became obvious during oral argument when the panel asked Brown's counsel if he had filed a second statement of points after the trial de novo and, apparently confused, counsel replied that he had not. We believe the appellate briefing and oral

argument can fairly be read to indicate confusion and misunderstanding, but nothing approaching the purposeful omission that was presented in *Worthy*. *See id.*

Moreover, Brown's request for leave to supplement the record did not require the court of appeals to reconsider a merits-based decision, as the court affirmed the trial court's judgment without reaching the merits. Given the constitutional dimensions of the "fundamental liberty interest of natural parents in the care, custody, and management of their child," *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), justice is not served when a case like this, ripe for determination on the merits, is decided on "a procedural technicality" that can easily be corrected, *Silk*, 898 S.W.2d at 766.

Accordingly, we grant Brown's petition for review and, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, reverse the court of appeals' judgment and remand the case to that court for further consideration. *See* Tex.R.App. P. 59.1.