# NO. 12-08-00456-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 392ND* |
| *M.T. AND M.T.,* | § | *JUDICIAL DISTRICT COURT OF* |
| *MINOR CHILDREN* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

R.T. appeals the trial court's final order in a conservatorship and termination proceeding brought by the Texas Department of Family and Protective Services (DFPS). In two issues, R.T. contends that the trial court erred by denying his motion for continuance and that the evidence was insufficient to support the termination of his parent-child relationship with his two daughters. We affirm.

### APPELLATE REVIEW OF SUBCHAPTER E FINAL ORDERS

Subchapter E of Chapter 263 of the Texas Family Code governs final orders in conservatorship and termination proceedings in cases involving children under DFPS care. *See In re A.J.K.*, 116 S.W.3d 165, 169–70 (Tex. App.–Houston [14th Dist.] 2003, no pet.). DFPS brought suit seeking conservatorship of R.T.'s two daughters and termination of his parent-child relationship with them. The appealed final order terminated R.T.'s parent-child relationship with his daughters and appointed DFPS as their permanent managing conservator. Therefore, this final order was governed by subchapter E. *See In re K.C.B.*, 251 S.W.3d 514, 515 (Tex. 2008) (per curiam) ("As a prerequisite to appellate review, the Texas Family Code requires a party whose parental rights have been terminated to timely file with the trial court a statement of points on which the party intends to appeal.").

The Texas Family Code requires an appellant seeking review of a subchapter E final order to file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the appellant intends to appeal. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2009).[1] The statement may be filed separately or may be combined with a motion for new trial. TEX. FAM. CODE ANN. § 263.405(b–1) (Vernon 2009). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2009); *In re K.C.B.*, 251 S.W.3d at 515 n.1. While a statement of points may be combined with a motion for new trial, a motion for new trial that does not include such a statement of points is not sufficient to allow appellate review of a subchapter E final order. *See* TEX. FAM. CODE ANN. § 263.405(i).

The final order in this case was signed on October 21, 2008. The record contains no evidence that R.T. filed a statement of points separately or in a motion for new trial. Accordingly, we cannot consider the issues R.T. has raised on appeal. *See id.*; *In re K.C.B.*, 251 S.W.3d at 515.

## DISPOSITION

We cannot consider the issues R.T. has raised on appeal. Therefore, we *affirm* the trial court's order.

　BRIAN HOYLE　
Justice

Opinion delivered March 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because it is unnecessary to do otherwise, we have cited to the most current version of this statute.