COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER ON MOTION FOR REHEARING

Appellate case name:       Judith Smith f/k/a Judith Goodrum v. David Eugene Goodrum Sr.

Appellate case number:     01-11-00784-CV

Trial court case number:   9246409

Trial court:               312th District Court of Harris County

Date motion filed:         August 27, 2012

Party filing motion:       Appellant

We dismissed this appeal for want of prosecution on July 26, 2012 after Appellant did not respond to our notice that the appeal would be dismissed for lack of prosecution for failing to file her brief. Appellant has now filed a motion for rehearing. She asks this Court to set aside the dismissal and reinstate the appeal on the Court's active docket. In the motion, Appellant explains that her counsel did not file the brief as a result of a medical issue he was experiencing.

The Supreme Court of Texas has made clear that courts of appeal should strive to determine cases on the merits rather than on a procedural technicality that is easily corrected. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 & n.91 (Tex. 2001) ("In the past we have tried to ensure that the right to appeal is not lost by an overly technical application of the law."); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."); *see also In re K.C.B.*, 251 S.W.3d 514, 517 (Tex. 2008) ("[J]ustice is not served when a case like this, ripe for determination on the merits, is decided on "a procedural technicality" that can easily be corrected. . . .").

To this end, we **grant** Appellant's motion for rehearing. We **vacate** and **withdraw** our opinion and judgment dated July 26, 2012. The appeal is **reinstated** on this Court's active docket.

The Clerk of this Court received Appellant's brief on August 31, 2012. The Clerk of this Court shall consider Appellant's brief to have been filed on **August 31, 2012.**

Appellee's brief is due to be filed with the Clerk of this Court on or before **December 3, 2012.**

It is so ordered.

Judge's signature:   /s/ Laura C. Higley
                        Acting for the Court

Panel consists of Justices Higley, Sharp, and Huddle


Date:   October 29, 2012