TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00046-CV






Lori L. Legere, Appellant


v.


David Legere, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-FM-03-007363, HONORABLE RHONDA HURLEY, JUDGE PRESIDING





O R D E R


PER CURIAM


 On original submission, we issued an opinion affirming the district court's order
denying the claims of appellant Lori L. Legere to child support and discovery sanctions against her
ex-husband, David Legere, and instead awarding attorney's fees against her. See Legere v. Legere,
No. 03-12-00046-CV, 2012 WL 3793164 (Tex. App.--Austin, Aug. 29, 2012) (no pet. h.). Central
to our analysis was Lori's failure to obtain a reporter's record reflecting the evidence heard below.
Id. at *2-3. Although the district court's order suggested otherwise, Lori indicated in her brief
that no record had been prepared because "there was no hearing conducted in which a court reporter
was present."

 Lori has now filed a "motion for rehearing" indicating that she had been mistaken
about a court reporter being present at the hearing, asserting that a "short record was found" after all,
and requesting that she be allowed to provide us that record and that we re-evaluate her appellate
issues in light of it. She further complains that this Court erred in failing to give her the notice and
opportunity to cure required by Texas Rule of Appellate Procedure 37.3(c). TRAP 37.3(c) applies
in a circumstance where the clerk's record has been filed but the reporter's record has not because
the appellant failed to request or pay for it. It allows an appellate court to decide those issues or
points in a case that do not require a reporter's record, if it first gives the appellant notice and a
reasonable opportunity to cure the omission of the reporters record. See Tex. R. App. P. 37.3(c).

 We question whether TRAP 37.3(c)'s notice and opportunity-to-cure requirements
apply under the circumstances here, where, among other things, the appellant has affirmatively
asserted to the appellate court that no reporter's record exists. Nevertheless, consistent with the
Texas Supreme Court's expressed preference that lower courts resolve appeals based on the merits
rather than procedural technicalities, (1) we order Lori to secure the filing of the reporter's record with
this Court by December 5, 2012, whereupon we will proceed to consider the merits of her rehearing
motion in accordance with Tex. R. App. P. 49.

 It is ordered November 21, 2012.


Before Justices Puryear, Pemberton and Henson
1. See, e.g., Sutherland v. Spencer, 376 S.W.3d 752, 756 (Tex. 2012) (noting supreme court
prefers "merits determination to a procedural forfeit") (citing Holt Atherton Indus. v. Heine,
835 S.W.2d 80, 86 (Tex. 1992) ("[A]n adjudication on the merits is preferred in Texas.")); Marino
v. King, 355 S.W.3d 629 (Tex. 2011) ("Constitutional imperatives favor the determination of cases
on their merits rather than on harmless procedural defaults."); In re K.C.B., 251 S.W.3d 514, 517
(Tex. 2008) (noting that "justice is not served when a case like this, ripe for determination on the
merits, is decided on 'a procedural technicality' that can easily be corrected." (quoting Silk v. Terrill,
898 S.W.2d 764 (Tex.1995) (per curiam)); Wagner & Brown, Ltd. v. Horwood, 53 S.W.3d 347, 351
(Tex. 2001) (noting supreme court's "consistent[] and vigorous[]" rejection of denying appellate
review on the merits); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 211 (Tex. 2001) (noting that
dismissal for procedural reasons "elevates form over substance and hinders parties' rights to have
the merits of their claims considered").