ACCEPTED
01-15-00114-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/5/2015 4:24:34 PM
CHRISTOPHER PRINE
CLERK

01-15-00114-CV

IN THE

FIRST COURT OF APPEALS

AT HOUSTON TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/5/2015 4:24:34 PM
CHRISTOPHER A. PRINE
Clerk

CHRISTINA LIVINGSTON,

Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION
FANNIE MAE,

Appellee.

Appeal from the County Court At Law No. Four (4) of
Harris County Texas

## APPELLANT'S MOTION FOR REHEARING

**Arturo R. Eureste**
**State Bar No. 06702250**
**Law Office of Dovalina & Eureste L.L.P.**
122 Tuam St., Suite 100
Houston Texas 77006
Phone: (713)624-1010
Fax: (713)624-1010
**Email: art@eurestelaw.com**
**Attorney for Appellant**
**Christina Livingston**

CHRISTINA LIVINGSTON,

Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION
FANNIE MAE,

Appellee.

## IDENTITY OF PARTIES & COUNSEL

**Appellant:**

Christina Livingston

**Counsel:**

Arturo R. Eureste
State Bar No. 06702250
Law Office of Dovalina & Eureste L.L.P.
122 Tuam St., Suite 100
Houston Texas 77006
Phone: (713)624-1010
Fax: (713)624-1010
Email: art@eurestelaw.com
Attorney for Appellant

**Appellee:**

Federal National Association
Fannie Mae

**Counsel:**

Jeffrey Ben Hardaway
State Bar No. 24038254
Codilis & Stawiarski, P.C.
650 North Sam Houston Parkway East 450
Houston, TX 77060
Tel. (281)925-5356
Fax. (281)925-5356
Email: jeffhardaway@tx.cslegal.com
Attorney for Appellee

## TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ............................................. 2

INDEX OF AUTHORITIES ................................................. 3

STATEMENT OF CASE......................................................... 4

ISSUES PRESENTED ...................................................
1. *CAN THIS COURT GRANT A "MOTION FOR REVIEW" WHEN THE CASE WAS DISMISSED FOR LACK OF PROSECUTION DUE TO APPELLANTS FAILURE TO FILE THEIR BRIEF?*

SUMMARY OF ARGUMENT. ................................................ 5

ARGUMENT....................................................... 5

PRAYER......................................................... 6

CERTIFICATE OF SERVICE........................................ 7

APPENDIX........................................................ 8

### *INDEX OF AUTHORITIES*
#### CASES

*Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 & n.91 (Tex. 2001).        5
*In re K.C.B.*, 251 S.W.3d 514, 517 (Tex. 2008).        5
*Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991).        5
*Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) (per curiam);        6

### TEXAS CONSTITUTION

*Texas Constitution Article XVI Section 50.*        4

### TEXAS STATUES

*Texas Property Code Section 24*        4
*Tex.R.App.P.* §§ 38.8(a)(1)        6
*TEX. R. APP. P.* 10.5(b)(1)(C).        6

## STATEMENT OF CASE

Appellant brought this appeal on the grounds that the Justice of the Peace Court in Harris County and the County Court at Law No. Four in Harris County, Honorable Judge Roberta Lloyd, did not have jurisdiction to enter an eviction order removing Appellants right of possession in her homestead residence or in the alternative, that provisions in Deeds of Trust that create a landlord tenant relationship of a homeowner and his mortgagee after foreclosure should be declared unconstitutional because these provisions violate the Texas Constitution[1] and the United States Constitution[2] by failing to afford due process safeguards against wrongfully foreclosed homeowners.

This Appeal was filed on February 5, 2015. On May 13, 2015, Appellant filed their docketing statement. On May 19, 2015 this Honorable Court sent notices to the parties that the reporter's record was filed and that Appellants brief was due within thirty (30) days of that date. Appellant concluded and scheduled a filing deadline date of June 18, 2015 for the brief.

Appellant failed to file its brief within the deadline period because Appellant's office was faced with an avalanche of new cases and an overwhelming amount of activity on existing cases. The firm was also faced with changes in employees, while at the same time, equipment was being updated and repaired. The office also expanded to include a department in modifications and litigation concerning new modification laws and rules. During all this extraordinary activity, the likes the firm had never had before, this appellate case was lost in the activity. Although the briefing deadline was scheduled for preparation the scheduling was missed.

Because Appellant failed to file his brief within the time period required, this Court dismissed his case for lack of prosecution on September 15, 2015. Once Appellant became aware of the dismissal, he filed this motion for rehearing within the deadline period. Appellant

---

1 Tex. Const. Art. XVI § 50 & Art. I § 19
2 US Const. Amend. V

Christina Livingston v. Federal National Mortgage Association Fannie Mae
01-15-00114-CV (Tex.App.—Houston [1ᵗ Dist]).

received the notice of dismissal by email which allowed Appellant an additional three days in addition to the 15 days given to file a motion for rehearing.

## SUMMARY OF ARGUMENT

Appellant brings this Motion for Review to allow Appellant to submit his late brief. Appellant's delay was not due to deliberate or intentional noncompliance. Instead, due to circumstances amounting to "plausible good faith justification" Appellant failed to meet the deadline.

Appellant asserts the Appellee will not be prejudiced. Appellee has as security, a paid bond by Appellant to cover cost of Appellee during this appeal.

## ARGUMENT

**Issue 1: _CAN THIS COURT GRANT A "MOTION FOR REVIEW" WHEN THE CASE WAS DISMISSED FOR LACK OF PROSECUTION DUE TO APPELLANTS FAILURE TO FILE THEIR BRIEF?_**

"The Supreme Court of Texas has made clear that courts of appeal should strive to determine cases on the merits rather than on a procedural technicality that is easily corrected. " _Lehmann v. Har–Con Corp._, 39 S.W.3d 191, 205 & n.91 (Tex. 2001). "In the past [this court has] tried to ensure that the right to appeal is not lost by an overly technical application of the law." _Id._ "[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." _Id._ "[J]ustice is not served when a case like this, ripe for determination on the merits, is decided on "a procedural technicality" that can easily be corrected. . . ." _In re K.C.B._, 251 S.W.3d 514, 517 (Tex. 2008). _See also Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc._, 813 S.W.2d 499, 500 (Tex.1991).

"Whether we grant a motion for extension hinges on whether the appellant provides a reasonable explanation for the untimeliness of the filing, that is, a "plausible good faith

justification for filing their notice of appeal when they did." *Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) (per curiam); see also *TEX. R. APP. P.* 10.5(b)(1)(C) and 38.8(a)(1). "Thus, under the liberal standard applied in these cases, any reason short of deliberate or intentional noncompliance qualifies as reasonable." *Id.*

Appellant has filed with this review his required brief. See Exhibit "A". Along with his brief, Appellant has included a Motion to Extend Time to File his Brief. See Exhibit "B". Appellant asserts the inability to tract the brief deadline and meet the requirement was not due to intentional delay but mistake and accident. The calendar date for the brief deadline was lost when Appellant's electronic calendaring failed in combination with an extraordinary amount of activity from new and existing cases, the likes of which had never been experienced by the firm.

## PRAYER

Because of the reasons set forth above, Appellant humbly prays this Court grant his Motion for Rehearing and reverse the dismissal of this case.

## CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I certify that on October 5, 2015, I served a copy of APPELLANT'S MOTION TO EXTEND

TIME TO FILE BRIEF on the parties listed below by method indicated therewith:

By: /s/ *Arturo R. Eureste*
**Arturo R. Eureste**

**Jeffrey Ben Hardaway**                              *Via Email Delivery*
**Codilis & Stawiarski, P.C.**
650 North Sam Houston Parkway East 450
Houston, TX 77060
Tel. (281)925-5356
Fax. (281)925-5356
Email: jeffhardaway@tx.cslegal.com

No. 01-15-00114-CV

CHRISTINA LIVINGSTON,

Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION
FANNIE MAE,

Appellee.

---

**APPELLANT'S APPENDIX**

---

LIST OF DOCUMENTS

|  | Exhibit |
|---|---|
| 1. Appellant's Brief | A |
| 2. Appellant's Motion to Extend Time to File Brief | B |