**Opinion issued September 30, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-19-00722-CV**

———————————

## IN THE MATTER OF THE MARRIAGE OF ALLAN RAY COMSTOCK AND MINDY LEE COMSTOCK

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 15-FD-3019**

---

## DISSENTING OPINION

This appeal arises from a divorce suit. Mindy requested a jury and paid the jury fee more than thirty days before the suit was set for trial at the time and more than a year before the trial actually commenced. Nonetheless, on Allan's motion, the trial court struck Mindy's jury request, and the parties tried the suit to the bench.

Mindy contends that the trial court erred in striking her timely jury request. The majority rejects Mindy's contention. The majority reasons that:

- the trial court took judicial notice of a docket control order and ruled that the order contained an agreement to try the suit to the bench;

- as the party challenging the trial court's ruling, Mindy alone was responsible for ensuring the order was part of the clerk's record; and

- Mindy failed to include the order in the clerk's record, and we therefore must assume that the order supports the trial court's ruling.

But our rules of appellate procedure do not place the sole responsibility for the clerk's record on Mindy. The rules empower us to order supplementation of the clerk's record, and we are required to do so when it is necessary to avoid disposing of important rights, like the right to a jury trial, on technicalities. The majority simply ignores the appellate rules and relevant precedent interpreting them.

And while the docket control order is not in the clerk's record, Allan included it in an appendix to his brief. On its face, the order did not bind Mindy to a bench trial if, as happened, the trial setting changed. Thus, we know the order does not support the trial court's ruling. To not order supplementation of the clerk's record on these facts amounts to a judicial sleight of hand. The majority claims it must assume the order supports the trial court's ruling but knows the order does not.

I would order supplementation of the clerk's record to include the applicable docket control order and decide Mindy's jury-trial appellate issue on the merits. An evaluation of Mindy's appellate issue on the merits shows that she was entitled to a

jury trial. By refusing to evaluate whether Mindy was entitled to a jury trial on the merits, the majority abdicates this court's responsibilities. I dissent.

## BACKGROUND

Allan first filed for divorce in 2014. That suit was set for trial in September 2015 but was nonsuited in May. Allan alleged that Mindy forged his signature to the joint notice of nonsuit and that he never intended to dismiss that initial suit.

Allan filed the current divorce suit in December 2015. Despite multiple settings, the trial did not begin until July 2018 and did not end until December.

The first three trial settings were on the jury docket. Mindy sought a continuance of the third trial setting, which was in February 2017. Allan objected to the continuance but withdrew his objection in exchange for an agreement to remove the suit from the jury docket and try the suit to the bench instead. The parties apparently memorialized this agreement by striking out the word "jury" by hand in an entry in the existing November 2016 docket control order that otherwise read: "Feb 14, 2017 Bench/Jury Trial Date @ 10:00 am/p̶m̶ ____ days/hrs of trial."

The bench trial was continued until April 2017. But this new trial date was not memorialized in the altered November 2016 docket control order. Nor does it seem that the trial court entered a new docket control order. None is in the record.

In March 2017, Mindy moved to change counsel and for a continuance. The trial court granted both motions in April 2017. The new trial date was in May 2017. Like the previous trial setting, the May trial was set on the non-jury docket.

Three days after the trial court granted Mindy's motions, her new attorney filed a jury request and paid the jury fee. It is undisputed that Mindy's jury request was filed more than thirty days before the scheduled May 2017 trial date. *See* TEX. R. CIV. P. 216 (jury request must be filed reasonable time before date set for trial on non-jury docket and not less than thirty days in advance of non-jury trial date).

Allan moved to strike Mindy's jury request. He argued that she had not filed her jury request within a reasonable time. He also argued that she withdrew her previous jury request as part of an agreement to obtain a continuance. But Allan did not attach the alleged agreement or any other evidence to his motion to strike.

The trial court held a non-evidentiary hearing in May 2017. The trial court struck Mindy's jury request because of her "dilatory tactics in this case." The trial court elaborated that trying the case to a jury would cause further delay, likely until September 2017, given the time needed to put the suit back on the jury docket.

Mindy sought a writ of mandamus regarding the trial court's ruling. We stayed the trial of the divorce suit pending resolution of the mandamus proceeding, so the suit was not tried to the bench as scheduled in May 2017. But we ultimately denied

the writ. *In re Comstock*, No. 01-17-00346-CV, 2017 WL 3634066 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, orig. proceeding) (mem. op.) (per curiam).

In May 2017, however, the trial court allowed Allan to supplement the record in support of his motion to strike. At this hearing, Allan presented documents and testimony. Though Allan did not include the November 2016 docket control order among the evidence he presented, the trial court took judicial notice of the order. But the trial court did not reconsider its prior ruling striking Mindy's jury request.

In the end, the parties tried the suit to the bench over 11 days in July, October, November, and December 2018. The trial court entered a final divorce decree in May 2019. In the final decree, the trial court stated that trial by "jury was waived."

The trial court also entered findings of fact and conclusions of law. Among other things, the trial court found that the parties agreed to withdraw the suit from the jury docket when they agreed to a continuance and new docket control order in November 2016. In addition, the trial court found that Mindy intentionally "caused as much delay as possible in resolving this case" and secured the dismissal of the 2014 divorce suit by forging Allan's signature to the joint notice of nonsuit.

## DISCUSSION

### *The Majority Errs in Refusing to Decide This Appeal on the Merits*

The majority says it has no choice but to affirm the trial court's ruling striking Mindy's jury request. The majority maintains that it must affirm because Mindy, the

appellant, has not carried her burden to create an appellate record that includes the docket control order that forms the basis for the trial court's ruling that she waived her right to a jury trial. Because the order is not in the clerk's record, the majority explains, the court of appeals cannot hold that the trial court committed reversible error in ruling that Mindy waived her right to a jury. But this is by no means true.

Rule 34.5(c) of the Texas Rules of Appellate Procedure governs supplementation of the clerk's record. The rule provides: "If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1). Once done, the supplement "will be part of the appellate record." TEX. R. APP. P. 34.5(c)(3). In short, Rule 34.5(c) means exactly what it says: any item in the trial court's file that is omitted from the appellate record may be added to the appellate record by supplementation. *Lance v. Robinson*, 543 S.W.3d 723, 733 (Tex. 2018).

Contrary to the majority's assertion, Mindy is not solely responsible for the clerk's record. As we have recognized, Rule 34.5(c)(1) states that the appellate court may direct the trial court clerk to supplement the clerk's record. *Paske v. Fitzgerald*, 499 S.W.3d 465, 470 (Tex. App.—Houston [1st Dist.] 2016, no pet.). As our sister court has correctly noted, Rule 34.5 departs from past appellate procedure. *In re Est. of Nunu*, 542 S.W.3d 67, 74 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

6

Unlike the prior version of the appellate rules, the current rules no longer place the burden on any party to designate items for inclusion in the clerk's record. *Id.*

In contrast, Rule 50(d) of the former Texas Rules of Appellate Procedure expressly stated that it was the appellant's burden "to see that a sufficient record is presented to show error requiring reversal." *See Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996) (per curiam) (quoting Rule 50(d)). But this former rule, "regarding the burden to file a complete record, [wa]s repealed." TEX. R. APP. P. 34, Notes and Comments. The current appellate rules "do not assign the burden to either party." *Rowell v. State*, 66 S.W.3d 279, 281 n.5 (Tex. Crim. App. 2001) (discussing 1997 revision of appellate rules in which Rule 50(d) was replaced by Rule 34). So when the majority asserts that Mindy alone bore the burden of presenting a sufficient clerk's record to show error but did not do so, the majority applies defunct law.

To be clear, I am not suggesting that parties have no responsibility for the clerk's record. Like all litigation, appellate litigation is party-driven. Hence, regardless of the appellate rules, it behooves parties to ensure that the record contains the documents they need to secure meaningful appellate review. *See W & F Transp. v. Wilhelm*, 208 S.W.3d 32, 37 n.5 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (suggesting that common-law presumption that documents omitted from appellate record support trial court's judgment may survive repeal of Rule 50(d)). But the burden to secure an adequate clerk's record does not rest on the appellant alone. And

7

even when no clerk's record whatsoever is filed due to the appellant's fault, we must give the appellant a reasonable opportunity to cure. TEX. R. APP. P. 37.3(b). When, as here, a single, one-page document is missing from the record, an appellate court should not dispose of an important constitutional right, like the right to a jury trial, by claiming it cannot do anything other than affirm the trial court's ruling due to the document's absence from the record. The appellate rules allow an appellate court to order supplementation of the clerk's record to avoid this very result.

The Supreme Court of Texas has characterized the omission of a relevant document from the clerk's record as a technical deficiency. *Worthy v. Collagen Corp.*, 967 S.W.3d 360, 366 (Tex. 1998). The Court has opined that the interests of justice and fair play require that cases be decided on the merits when a technical deficiency of this nature can be easily corrected by supplementation. *Id.* In other words, the Court has counseled appellate courts against doing exactly what the majority is doing here: deciding an appellate issue based on a technical deficiency in the clerk's record that it could cure simply by directing supplementation. Doing so, offends the spirit of the rules. *See Crown Life Ins. Co. v. Est. of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991) (per curiam) (saying so with respect to prior version of appellate procedural rule on supplementation, which was more restrictive).

Consequently, appellate courts routinely direct supplementation of the clerk's record. *E.g.*, *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 247 n.6 (Tex. App.—

8

Houston [14th Dist.] 2011, no pet.) (appellate court directed supplementation of clerk's record to add documents included in appendix to brief that were absent from appellate record); *Lara v. State*, 962 S.W.2d 148, 149–50 (Tex. App.—San Antonio 1998, no pet.) (appellate court directed supplementation of clerk's record to include stipulations considered but not admitted into evidence by trial court). The majority's refusal to do so here is a departure from ordinary appellate practice.

The majority's departure from ordinary appellate practice is especially remarkable in this case. Because Allan included the November 2016 docket control order as an exhibit to his brief, the majority is aware of the order's contents. A cursory examination of the order shows that it does not support the trial court's ruling that Mindy waived her right to a jury trial under the present circumstances. On its face, the docket control order does not memorialize an agreement by Mindy to try the suit to the bench in exchange for Allan's agreement to a continuance. The order merely reflects that the word "jury" was stricken out by hand in an entry that otherwise read: "Feb 14, 2017 Bench/Jury Trial Date @ 10:00 am/~~pm~~ ____ days/hrs of trial." Assuming that we can interpret this handwritten notation as an agreement to try the suit to the bench on a particular date, it is not a commitment to try the case to the bench if, as was the case, trial was delayed beyond the agreed trial date. *See Dean v. Sweeney*, 51 Tex. 242, 243 (1879) (waiver of jury in preceding term does not control right to request jury if trial of suit does not occur until succeeding term);

9

*In re Hulcher*, 568 S.W.3d 188, 191 (Tex. App.—Fort Worth 2018, orig. proceeding) (citing *Dean* with approval in analysis concluding that party that waived jury before original trial could nevertheless request jury on retrial of issues remanded by appellate court); *see also Shamrock Psych. Clinic v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 560–61 (Tex. 2018) (per curiam) (Rule 11 agreement is contract, which must contain all material terms of agreement to be enforceable and cannot be given greater effect by court than parties intended agreement to have).

Thus, even if one assumes, as the majority does, that Mindy generally bore the burden to provide a clerk's record sufficient to show error, the majority's refusal to order supplementation is improper under the particular facts of this appeal. It is one thing to assume that absent documents about which we have no knowledge support a trial court's ruling; it is quite another to assume this is so when we have seen the document in question and know that it does not support the ruling.

The majority says that we cannot consider documents attached to an appellate brief that are not in the record and thus cannot consider the docket control order. I have no quarrel with the rule that we cannot consider documents attached to an appellate brief that are not in the record, but the application of this rule is generally confined to two situations. First, we apply this rule when a party attaches documents to its brief that are not on file with the trial court and thus cannot be made part of the appellate record via supplementation of the clerk's record. *E.g.*, *Tex. Windstorm Ins.*

*Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (appellate court could not consider documents from an entirely different lawsuit that appellee included in appendix to his appellate brief). Second, we apply this rule when the attached documents should not be made part of the appellate record via supplementation for a legitimate reason even though they could be. *E.g.*, *Williams v. Chisolm*, 111 S.W.3d 811, 816 n.4 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (appellate court declined to consider documents appellant attached to his brief, even though they were filed in trial court, because these documents were not before trial court when it ruled and thus had no bearing on propriety of challenged ruling).

What the majority does here is quite different. The majority both refuses to consider the docket control order attached to Allan's brief and also refuses to direct the trial court clerk to supplement the clerk's record to include the order. Then the majority says it must assume the absent docket control order supports the trial court's ruling striking Mindy's jury request, even though the majority knows the order does not support the trial court's ruling. In doing so, the majority deploys the rules of appellate procedure like a bag of tricks to thwart review in contravention of the Supreme Court's directive that we should resolve appellate issues on the merits and avoid disposing of them based on procedural defects when it is reasonably possible to do so. *See Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam).

That directive is also embodied in Rule 44.3 of the Texas Rules of Appellate Procedure, which provides that we "must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing reasonable time to correct or amend the defects or irregularities." It prohibits deciding an appeal on the basis that the record is inadequate when the inadequacy can be cured by supplementation. *E.g.*, *In re J.W.*, 52 S.W.3d 730, 733 (Tex. 2001) (per curiam) (Rule 44.3 required that litigants have opportunity to amend affidavits of indigency before their suit was dismissed due to incompleteness of affidavits); *Crais v. Haynes*, 867 S.W.2d 412, 413 (Tex. App.—Waco 1993, no writ) (per curiam) (treating omission of documents required for appeal as defect of appellate procedure and ordering supplementation based on predecessor rule). Thus, we should order supplementation when an ostensibly dispositive document is missing from the clerk's record, rather than disposing of the appeal based on its absence. *E.g.*, *Cardenas v. State*, 403 S.W.3d 377, 382–85 (Tex. App.—Houston [1st Dist.] 2013) (citing Rules 34.5(c) and 44.3, appellate court ordered supplementation of record to include bill of costs rather than disposing of evidentiary sufficiency issue based on its absence), *judgm't aff'd*, 423 S.W.3d 396, (Tex. Crim. App. 2014).

For these reasons, I would order supplementation of the record to include the docket control order and decide Mindy's appellate issue on the merits. The rules of appellate procedure do not require us to affirm without doing so. On the contrary,

12

they empower us to order supplementation of clerk's record to avoid affirming on the basis of technical deficiencies. Even if Mindy bore the burden of submitting a clerk's record sufficient to warrant reversal under the current appellate rules, ordering supplementation would be necessary here. As appellate judges, we should never put ourselves in the position of deciding an appeal based on assumptions that we know to be untrue. But that is exactly what the majority does. The November 2016 docket control order does not support the trial court's ruling that Mindy waived her right to a jury trial by agreement. We should not pretend otherwise.

### *The Trial Court Reversibly Erred in Striking Mindy's Jury Request*

Given that the November 2016 docket control order does not support the trial court's striking of Mindy's jury request, we must assess whether we can affirm the trial court's ruling on some other ground. The record shows we cannot do so.

We review a trial court's denial of a jury request for abuse of discretion. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). The trial court abuses its discretion if its ruling is arbitrary, unreasonable, and unmoored from guiding principles. *Id.*

Our Constitution generally guarantees the right to a jury trial. TEX. CONST. art. I, § 15. The Family Code also provides a right to have a jury decide certain issues in suits affecting the parent-child relationship. TEX. FAM. CODE § 105.002(a)–(b).

In a civil suit, a party must invoke her right to a jury by filing a request "a reasonable time before the date set for trial of the cause on the non-jury docket, but

13

not less than thirty days in advance," and paying the jury fee. TEX. R. CIV. P. 216. If she files her request in advance of the thirty-day deadline, it is presumptively made a reasonable time before the date set for trial on the non-jury docket. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). A party who opposes the request may rebut this presumption by showing that a jury trial would injure him, disrupt the court's docket, or impede the court's business. *Id.* The opposing party's showing must be supported by evidence. *In re A.L.M.-F.*, 593 S.W.3d at 283; *In re J.N.F.*, 116 S.W.3d 426, 436 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Thus, when the presumption applies and no evidence rebuts it, the trial court abuses its discretion in denying a party's jury request. *Weng Enters. v. Embassy World Travel*, 837 S.W.2d 217, 222 (Tex. App.—Houston [1st Dist.] 1992, no writ). The trial court's erroneous denial of a party's jury request is harmless only if the record shows an absence of disputed material fact issues such that the trial court could have granted a motion for instructed verdict. *Halsell*, 810 S.W.2d at 372.

Mindy requested a jury and paid the jury fee more than thirty days before the suit was set for trial at the time. Thus, her request presumptively was made a reasonable time before the trial date. Did Allan rebut the presumption? No, he did not. Allan filed a perfunctory motion to strike Mindy's jury request. He did not include evidence with his motion. Nor did Allan present evidence at the hearing on his motion to strike. So, when the trial court granted Allan's motion and struck

14

Mindy's jury request, no evidence rebutted the presumption. Under these circumstances, the trial court abused its discretion in striking the jury request.

The trial court held a subsequent hearing at which the court allowed Allan to supplement the record with evidence in support of his motion to strike Mindy's jury request. But the trial court did not reconsider its previous ruling striking her jury request or make a new ruling based on the evidence Allan introduced at the hearing. Thus, this evidence cannot support the trial court's ruling, because the evidence was not before the trial court when it struck Mindy's jury request. *See Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (appellate courts do not consider evidence that was not before trial court when trial court ruled); *Methodist Hosps. of Dallas v. Tall*, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) (appellate courts review trial court ruling based solely on evidence that was before trial court when trial court ruled).

Moreover, the trial court's stated rationale for striking Mindy's jury request— her dilatory tactics and the added delay a jury trial would entail—cannot support the trial court's ruling. In the end, the parties did not try the suit for more than a year after Mindy requested a jury. Given that delay, honoring her jury request would not have injured Allan, disrupted the court's docket, or impeded the court's business.

Allan was not entitled to an instructed verdict. Therefore, the trial court's error in striking Mindy's jury request was not harmless and requires us to reverse.

15

**CONCLUSION**

I would resolve Mindy's jury-trial issue on the merits. The right to a jury is an important one, and we should not refuse meaningful appellate review of important rights based on technical deficiencies unless we must do so. Here, the lone obstacle to review on the merits is the absence of a one-page order from the clerk's record. The appellate rules allow us to order supplementation to ensure review.

On the merits, Mindy must prevail. She did not waive her right to a jury trial by agreement on the facts of this case. Her jury request was presumptively filed a reasonable time before trial, and Allan did not submit evidence rebutting this presumption. Thus, the trial court erred in striking Mindy's jury request, and the trial court's error was harmful given that disputed issues of material fact existed.

The majority does not explain why it instead opts to avoid the merits by refusing to order supplementation of the clerk's record. Reading between the lines, the majority presumably thinks Mindy unsympathetic due to her misbehavior. This is understandable, given the trial court's findings of fact and conclusions of law, which catalogue substantial litigation misconduct by Mindy. But two wrongs do not make a right. Mindy's misbehavior and her right to a jury are separate issues.

Moreover, the majority's attempt to avoid deciding this appeal on the merits likely is a futile one. A party may direct the trial court clerk to supplement the clerk's record without our leave. TEX. R. APP. P. 34.5(c)(1); *Roventini v. Ocular Scis.*, 111

S.W.3d 719, 725–26 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A party sometimes may do so even as late as rehearing when an appellate court has not decided an appeal on the merits due to the omission of a document from the clerk's record. *See In re K.C.B.*, 251 S.W.3d 514, 515–17 (Tex. 2008) (per curiam) (court of appeals erred in denying request to supplement clerk's record on rehearing).

Mindy is entitled to have her jury-trial issue decided on the merits, and an evaluation of the merits shows that she is entitled to a jury trial. I therefore dissent.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Justice Goodman, dissenting.