Holly SILK, Petitioner,

v.

**Robert TERRILL, M.D., Respondent.**

No. 94–1136.

Supreme Court of Texas.

April 27, 1995.

Rehearing Overruled June 22, 1995.

Paul L. Smith, Kay L. Van Wey, and Matthew C. McKay, Dallas, for petitioner.

Richard A. Sayles and Steven E. Aldous, Dallas, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

PER CURIAM.

The issue in this case is whether the court of appeals abused its discretion in denying post-submission supplementation of the appellate record. Based on the facts in this record, we hold that it did. Accordingly, pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this Court reverses the judgment of the court of appeals and remands this case for consideration of the merits of the appeal.

This is a medical malpractice case brought by Holly Silk against Dr. Robert C. Terrill.

Terrill filed a motion for summary judgment supported by his own affidavit. Silk's response included a controverting affidavit from a physician. The trial court granted Terrill's motion for summary judgment.

■ Silk perfected her appeal and specifically requested that the district clerk include Terrill's motion for summary judgment, which purported to have his supporting affidavit attached to it, as part of the record to be transmitted to the court of appeals. However, Terrill's affidavit was not in fact attached to his motion, but had been filed separately in the trial court. As a result, his affidavit did not become part of the appellate record.

Prior to filing her appellate brief, Silk discovered that Terrill's affidavit was missing from the record but decided to attach a copy of it to her brief rather than file a motion to supplement the record. Silk contacted Terrill's counsel to apprise him of these facts as a courtesy in the event Terrill wished to cite the affidavit in his response. Terrill's reply brief in the court of appeals did not raise a reply point regarding the omission of Terrill's affidavit from the record, nor did it challenge the sufficiency of the record for appellate review. Two minutes before oral argument, Terrill's counsel advised Silk's counsel for the first time that he would argue that the absence of Terrill's affidavit rendered the record insufficient for appellate review.

The court of appeals affirmed the summary judgment without reaching the merits because Silk failed to bring forward a sufficient record. The court concluded that it must presume the omitted affidavit supported the trial court's judgment. Silk then filed motions to supplement the record and for rehearing. The court of appeals denied both of these motions.

Silk contends in this Court that the court of appeals abused its discretion in failing to permit post-submission supplementation of the record to include the omitted affidavit. Terrill counters that this case should be governed by *K & S Interests v. Texas American Bank/Dallas,* 749 S.W.2d 887 (Tex.App.—Dallas 1988, writ denied), and that the judg-

ment of the court of appeals should be affirmed.

While we agree that the court of appeals has broad discretion under Rule 55 of the Texas Rules of Appellate Procedure to allow supplementation of the record so as to include omitted matters, it was an abuse of discretion in this case to refuse to supplement the record. This case is distinguishable from *K & S Interests, Inc. v. Texas Am. Bank/Dallas, supra*. In *K & S*, briefs had been submitted, oral arguments on the merits had been heard, and the court of appeals had written a decision on the merits, specifically holding that the order at issue was not a final judgment and that the appeal should be dismissed for want of jurisdiction. On motion for rehearing, K & S sought to supplement the record with affidavits which had not been presented to the trial court and with an additional order of the trial court, in an effort to establish that there was a final, appealable judgment. The court of appeals refused to allow the supplementation.

In the case before us, the omitted affidavit of Dr. Terrill was never at issue. Silk conceded that Terrill's affidavit sufficiently negated every element of negligence and thus shifted the burden of proof to her to establish the existence of material issue of fact. Further, the court of appeals had Terrill's affidavit before it. While attaching an affidavit or pleading to an appellate brief will not suffice to make it part of the record, there can be no contention that the court of appeals was in any way misled or that the omitted part of the record was material to a decision on the merits.

■ Judicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature. In the interests of justice and fair play, cases should be decided on the merits when deficiencies of this nature can be easily corrected. *See, e.g., Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ) (op. on reh'g).

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this Court remands the case to the court of appeals for proceedings in accordance with this opinion.