Emma K. SOTO, Appellant,

v.

EL PASO NATURAL GAS CO., Appellee.

No. 08–95–00376–CV.

Court of Appeals of Texas,
El Paso.

Dec. 19, 1996.

Evelina Ortega, Caballero & Ortega, L.L.P., Mara Asya Blatt, El Paso, for appellant.

Kenneth R. Carr, Kemp, Smith, Duncan & Hammond, P.C., El Paso, Holly Harvel Williamson, Houston, for appellee.

Before BARAJAS, C.J., and LARSEN, and CHEW, JJ.

## OPINION ON MOTION TO SUPPLEMENT TRANSCRIPT

PER CURIAM.

This case is before us on appellant's motion for leave to file supplemental transcript after submission. We grant the motion for the reasons set forth below.

### FACTS

Emma Soto sued her employer, El Paso Natural Gas Company ("EPNG") for sexual harassment and related torts. The trial court granted summary judgment against Soto, which she has appealed. On November 6, 1996, the day of submission and oral argument before this court, EPNG filed its letter of authorities, for the first time pointing out to the court that the transcript on appeal did not contain EPNG's motion for partial summary judgment filed June 30, 1995. Soto responded within the ten days granted by the court, filing her motion to supplement the record to include the omitted documents.

The trial court granted EPNG's partial summary judgment filed June 30, 1995, together with EPNG's supplemental motion for partial summary judgment filed July 31, 1995. Appellant's counsel timely filed her designation of matters to be included in the transcript, specifically listing both summary judgment motions. EPNG also filed a designation, which echoed a request for all items named in plaintiff's designation, together with fourteen additional documents. EPNG, pursuant to this court's local rule 74.4, filed an appendix to its brief which included both summary judgment motions. 8TH TEX.APP. (EL PASO) LOC.R. 74.4. The district clerk has filed a transcript and supplemental transcript in this case, but did not include the motion for partial summary judgment of June 30, 1995 in either volume of the record. EPNG urges, in its letter filed the day of submission, that this defect in the record is fatal to Soto's appeal.

### Supplementation in the Interest of Justice

This situation is governed by *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex.1995). There, appeal was taken from summary judgment

favoring defendant doctor in a medical malpractice action. Plaintiff requested that the district clerk include the motion for summary judgment in the transcript, which purported to have the doctor's affidavit attached to it, but had in fact been filed as a separate document. The affidavit was therefore not included in the appellate record. Plaintiff discovered the omission before she filed her brief, but elected to attach a copy of the affidavit to her brief rather than seek formal supplementation. *Silk,* 898 S.W.2d at 765. The court of appeals affirmed without reaching the merits, based solely upon the presumption that anything omitted from the record supported the trial court's judgment. The court of appeals refused to allow supplementation of the record to include the missing affidavit. *Id.* The Supreme Court reversed, holding that it was an abuse of discretion to refuse to supplement the record. The high court reasoned that:

> [T]he omitted affidavit of Dr. Terrill was never at issue. Silk conceded that Terrill's affidavit sufficiently negated every element of negligence and thus shifted the burden of proof to her to establish the existence of a material issue of fact. Further, the court of appeals had Terrill's affidavit before it. While attaching an affidavit or pleading to an appellate brief will not suffice to make it part of the record, there can be no contention that the court of appeals was in any way misled or that the omitted part of the record was material to a decision on the merits. *Silk,* 898 S.W.2d at 766.

The case before us is very similar. EPNG included the disputed motion in its appendix, and argued its merits extensively in its brief. EPNG can hardly be said to have been misled by the failure to include it in the transcript. Moreover, EPNG's timing in raising the issue weighs against it: this court encourages supplementation of the record and liberally grants motions to do so. *See* 8TH TEX.APP. (EL PASO) LOC.R. 51.1. EPNG's tardy objection here is contrary to the spirit of this court's philosophy reflected in the local rule. Briefing on the merits of an omitted document followed by a belated objection is the sort of reliance on technicality that this court, and the Supreme Court in *Silk,* disapproves. We echo the Supreme Court's sentiment in that case:

> Judicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature. In the interests of justice and fair play, cases should be decided on the merits when deficiencies of this nature can be easily corrected. *Silk,* 898 S.W.2d at 766.

### CONCLUSION

Plaintiff Soto's motion for leave to supplement the transcript to include EPNG's motion for partial summary judgment filed June 30, 1995 is granted. The supplemental transcript shall be filed on or before January 10, 1997.