# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-0925

═══════════

ROBBIE LESA HAMES HORTON, PETITIONER,

v.

KIMBERLY A. STOVALL, RESPONDENT

═══════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

═══════════════════════════════════

**PER CURIAM**

Rather than disposing of appeals based on harmless procedural defects, "appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). In this breach-of-contract case, a divided court of appeals affirmed summary judgment, not on the merits, but based on remediable record-citation errors in the appellant's brief. ___ S.W.3d ___ (Tex. App.—Dallas 2018). The court's disposition conflicts with the rules of appellate procedure and our briefing-waiver precedent. *See* TEX. R. APP. P. 38.9, 44.3. The appellate issues were preserved in the trial court, identified in a timely appeal, and supported by evidence in the record; the record-citation errors should not have been fatal to the appeal absent a reasonable opportunity to cure the defects. We reverse and remand.

The acrimonious dissolution of Robbie Lesa Hames Horton and Kimberly Stovall's personal and business relationship culminated in the filing of several highly contentious lawsuits, including this one. Through amendment, nonsuit, and severance, a multitude of claims in the underlying litigation were ultimately winnowed to a dispute over the performance of a handwritten contract Horton and Stovall executed to settle their interests in specific real and personal property. The parties dispute the agreement's continuing effect but not its formation. Horton alleges she was entitled to and did in fact cancel the contract based on Stovall's alleged prior material breach.

In a series of partial summary judgments, the trial court granted Stovall relief on her breach-of-contract claim, rendered judgment in her favor on Horton's declaratory-judgment counterclaim, and awarded attorney's fees to her as the prevailing party. These interlocutory orders became final and appealable when the trial court signed an order of nonsuit on Stovall's declaratory-judgment action and severed Horton's remaining counterclaim.

Horton's appeal challenged the severance order and all three summary judgments. In six issues, Horton asserted that material fact issues precluded summary judgment, the award of attorney's fees was improper because evidence of presentment and damages was lacking, and the trial court improperly severed a compulsory counterclaim.

In a split decision, the court of appeals affirmed. ___ S.W.3d at ___. The court held that severance was not improper because Horton's counterclaim was pending in another lawsuit when she asserted it in this case. *Id.* at ___ (quoting TEX. R. CIV. P. 97). The court further held that Horton did not demonstrate that summary judgment was improper and, in fact, had "not presented anything for [the court] to review" because the documents she cited as raising a fact issue were not

2

part of the summary-judgment record. *Id.* at ___, ___. The court primarily faulted Horton for citing to documents in the appendix of her appellate brief instead of providing citations to the clerk's record. *Id.* But rather than allowing Horton an opportunity to rectify that briefing defect, the court treated Horton's citations to her appendix as citations to the portion of the appellate record indicated on each appendix document. *Id.* Unfortunately, the ostensible leeway the court afforded proved to be Horton's undoing.

As it happens, Horton correctly identified the documents she was relying on to support her appellate issues and those documents were actually offered in opposition to Stovall's summary-judgment motions, but the appendix instead cited to those same documents where they were attached to Horton's motion for continuance and motion for new trial. Right documents, wrong record citations. These citation errors led the court to conclude that the evidence Horton relied on to raise a fact issue was outside the summary-judgment record—a claim Stovall had (and has) never made.

Horton also admittedly failed to provide pinpoint citations to three emails Stovall had relied on to support her attorney's fee claim. Horton's brief argued that the emails were insufficient to meet the presentment requirement, but she cited to the first page of the motion to which they were attached rather than to the specific emails. Although Stovall's brief had supplied the specific record references in refuting Horton's argument, the court said that "Horton was obligated to cite the appellate record, not her appendix, and [the court was] not obligated to search the eight volumes of the clerk's record to locate these presentment emails." *Id.* at ___.

One panel member dissented, asserting the majority's refusal to address the merits of Horton's claims was erroneous because (1) Texas Rules of Appellate Procedure 38.9 and 44.3 require a reasonable opportunity to correct formal defects even if flagrant and (2) "pieces of evidence the majority says were not in the record and were not properly before the trial court actually were." *Id.* at ____. Employing minimal efforts to verify that the documents Horton had described—and had attached to her brief—were in fact part of the summary-judgment record, the dissent found the briefs sufficient to decide the case on the merits. *Id.* at ___ ("[A] simple search of our electronic record for the word 'cancellation,' which is in the subject line of the letter, locates the document in [six] places in the Clerk's Record."). But the dissent argued that even if that were not the case, Horton was entitled to a reasonable opportunity to correct the defects before the court affirmed summary judgment based on those errors. *Id.* Relying on rules 38.9 and 44.3 and our directive that appellate courts should resolve cases on the merits whenever reasonably possible, the dissent opined: "[W]hen we see citations to an appendix rather than the record, we do not have to end our inquiry and declare that there is nothing for us to review. Nor should we." *Id.* (citing *Perry*, 272 S.W.3d at 587).

When the opinion issued and Horton was alerted to the citation errors, she filed a motion for rehearing with corrected citations. The court of appeals overruled the motion.

We agree with Horton that, at a minimum, she was entitled to a reasonable opportunity to correct the defective record citations in her appendix documents, which the appeals court knew were actually included in the summary-judgment record. When relevant evidence has been properly presented to the trial court and included in the record for appellate review, but a court is aware that

4

a litigant's brief or appendix incorrectly indicates the location of that evidence in the record, rules 38.9 and 44.3 require the court to apprise the parties and allow an opportunity for correction if the citation errors thwart a merits-based disposition.

"[Appellate] briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." TEX. R. APP. P. 38.9. Accordingly, briefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver. *Id.*; *see Perry*, 272 S.W.3d at 587. "[S]ubstantial compliance" with the briefing rules "is sufficient," except that for substantive defects and "flagrant[]" formal defects, the rules authorize appellate courts to require supplemental or corrected filings. TEX. R. APP. P. 38.9.

Rule 38.9's discretionary language is tempered by the mandate in rule 44.3 that "[a] court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3; *Inpetco, Inc. v. Tex. Am. Bank/Houston N.A.*, 729 S.W.2d 300, 300 (Tex. 1987) (reading rule 38's predecessor in conjunction with rule 44's predecessor). Nevertheless, it is "settled" that "an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing" and "whether that discretion has been properly exercised depends on the facts of the case." *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *compare Inpetco*, 729 S.W.2d at 300 (appellate court erred in affirming based on briefing inadequacies without first ordering rebriefing but affirmance was correct on the merits), *with Davis v. City of San Antonio*, 752 S.W.2d 518, 521 (Tex. 1988) (refusing to remand when respondent failed to include an argument seeking remand in

its supreme court briefing or to even raise the issue until after oral argument). Under the circumstances presented here, the court of appeals abused its discretion in affirming based on record-citation defects the court knew were readily correctable.

We have admonished appellate courts to "reach the merits of an appeal whenever reasonably possible" and cautioned that "disposing of appeals for harmless procedural defects is disfavored." *Perry*, 272 S.W.3d at 587. The interests of justice and fair play demand that cases be decided on the merits when technical deficiencies in appellate briefs "can be easily corrected." *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex. 1995). When a case ripe for decision is resolved based on a procedural technicality, "[j]udicial economy is not served." *Id.*

If Horton's citations to the appendix, rather than the clerk's record, truly prevented consideration of the merits, an opportunity for correction was required. Horton's citation to the appendix was easily correctable. Horton's inclusion of documents in the appendix with the wrong record citation was also correctable and was not, as the court of appeals stated, a failure of proof.

In some circumstances, it may be unclear whether a missing or wayward record citation is a formal defect or something more substantive, like a proof or preservation problem. Courts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents courts from undertaking reasonable efforts to locate evidence described in a party's brief—a task made less burdensome when the record is filed electronically. The dissenting justice did so here.

Employing a self-described "simple search" of the electronic record, the dissent confirmed that the summary-judgment record included the documents Horton had described, made that fact

6

known to the panel, and urged the panel to either decide the case on the merits or provide Horton a reasonable opportunity to supplement, amend, or clarify her brief. The court should have made some effort to reach the merits of Horton's appeal, because it was reasonably possible to do so. *Perry*, 272 S.W.3d at 587; *see* TEX. R. APP. P. 38.9, 44.3. While preservation of error is required and flagrant violations need not be tolerated, "a party should not lose its right to appeal based on an unduly technical application of procedural rules." *Willis v. Donnelly*, 199 S.W.3d 262, 270 (Tex. 2006) (footnote omitted).

Prompt resolution of disputes is important, but must be balanced against the need to achieve a just disposition. In this case, the court of appeals relied on a non-merits ground for affirmance that was neither briefed nor argued by Stovall. Given the dissent's review of the record, which confirmed the defect was one of form—not substance—and easily remedied, the court abused its discretion in rendering judgment without allowing Horton a reasonable opportunity to cure. We therefore reverse the court of appeals' judgment and remand the case to that court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** December 20, 2019.