

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CODY DON BELL, | § | No. 08-20-00149-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court |
| THE STATE OF TEXAS FOR THE PROTECTION OF S.E.G., | § | of Lampasas County, Texas |
| Appellee. | § | (TC# 3444) |

## MEMORANDUM OPINION ON MOTION TO SUPPLEMENT RECORD

Before the Court is Appellant Cody Don Bell's motion to supplement the trial clerk's record, which he filed alongside a motion for rehearing after our opinion in this case issued.

Texas Rule of Appellate Procedure 34.5(c) permits parties to request supplementation to the clerk's record. Courts of appeals have discretion to permit supplementation when the record reflects omitted matters but are guided by the principal that "cases should be decided on the merits when deficiencies of this nature can be easily corrected." *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex. 1995)(per curiam). However, the Texas Supreme Court has counseled that "after judgment especially, the court has more discretion to deny supplementation." *Worthy v. Collagen Corp.*, 967 S.W.2d 360, 366 (Tex. 1998). *Worthy* clarified "supplementation of the record *after* a case is decided is a different matter" than post-submission supplementation because "[i]t certainly does

not serve judicial economy for the appellate court to allow a supplementation of the record that would require it to reconsider its decision on the merits when a party has had ample opportunity to correct the omission prior to decision." *Id.* at 366.

While the cases cited by the dissent indeed reflect our Court's willingness in other circumstances to permit supplementation, those cases involve a movant who sought supplementation before we rendered judgment. *See Castaneda v. Tex. Dep't of Protective & Regul. Servs.*, 148 S.W.3d 509, 521 (Tex.App.—El Paso 2004, pet. denied)(permitting post-submission supplementation); *Soto v. El Paso Nat. Gas Co.*, 942 S.W.2d 644, 645 (Tex.App.—El Paso 1996, no writ)(per curiam)(same). As *Worthy* recognized, we have "more discretion to deny supplementation" after a case is decided. 967 S.W.2d at 366. Here, given Bell's "ample opportunity to correct the omission prior to decision," and because this case fails to present "unusual circumstances" that would justify supplementing the record after our opinion issued, we exercise that discretion to deny his motion to supplement. *See id.*; *In re Cooper*, No. 06-10-00057-CV, 2010 WL 3136958, at *2 (Tex.App.—Texarkana Aug. 6, 2010, orig. proceeding)(mem. op.) ("Traditionally, however, supplementation of a record has not been permitted after an opinion has been issued, except under 'unusual circumstances.'" (citing cases)).

For the above reasons, the motion is DENIED.

YVONNE T. RODRIGUEZ, Chief Justice

November 4, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J. Dissenting