COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CODY DON BELL, | § | No. 08-20-00149-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court |
| THE STATE OF TEXAS FOR THE PROTECTION OF S.E.G., | § | of Lampasas County, Texas |
| | § | (TC# 3444) |
| Appellee. | § | |

## DISSENT MEMORANDUM OPINION ON MOTION TO SUPPLEMENT

## RECORD

I respectfully dissent from the denial of the motion to supplement the Clerk's Record; I would exercise our discretion to allow for a supplemental clerk's record to include any actually filed Findings of Fact and Conclusions of Law that explain the basis for the trial court's grant of the protective order in this case.

The record and issue before this Court is exceedingly simple. On May 26, 2020, the State of Texas requested a protective order under TEX. FAM. CODE § 82.002.  The State sought this order against Cody Don Bell ("Bell") on behalf of S.E.G. The complaint alleged that Bell had previously engaged in conduct constituting family violence and alleged the likelihood of future family violence.

The trial court heard the State's motion on June 9, 2020, which for reasons unclear in our record, were not recorded. The trial court completed a pre-printed "Protective Order" form and

checked a box stating that "family violence has occurred and is likely to occur in the future." But the trial court hand circled only the latter clause (concerning future violence) on the form. Based on that finding, the trial court ordered among other things, that Appellant refrain from committing acts of family violence against S.E.G. or members of her household, and likewise not to communicate with S.E.G. except through counsel. The protective order is effective until June 8, 2021. Appellant asked for findings of fact and conclusions of law.

Appellant's brief recites that the trial court later entered a finding wherein the judge stated: "I agree with counsel for the respondent that family violence has not occurred, but my concern is going forward . . . . My fear is that family violence is likely to occur in the future, therefore I rule in favor of the applicant and grant the Protective Order for one year." Appellant then built his appellate argument on the proposition that the Family Code only permits the issuance of a protective order if the trial court finds *both* the existence of past family violence *and* the likelihood of future family violence. *See* TEX. FAM. CODE ANN. § 85.001(a); *S. N. v. Texas Department of Family & Protective Services*, No. 03-18-00539-CV, 2019 WL 471069, at *4 (Tex. App.—Austin Feb. 7, 2019, no pet.) (mem.op.); *Onkst v. Morgan*, No. 03-18-00367-CV, 2019 WL 4281913, at *1 (Tex. App.—Austin Sept. 11, 2019, pet. denied) (mem. op.); *Martin v. Martin,* 545 S.W.3d 162, 165 (Tex. App.—El Paso 2017, no pet.).

The trial court's purported finding, however, was not contained in the Clerk's Record filed in this case. Instead of asking for leave to supplement the record, Appellant attached what appears to be a file stamped copy of the Findings of Fact and Conclusions of Law to his brief. The State's brief does not take issue with existence or substance of the purported Findings of Fact and Conclusions of Law, nor does it challenge any of Appellant's recitation of the facts.

This case was set for submission before this Court (without oral argument) on

September 29, 2020. The gist of the majority's opinion affirming the protective order is that Appellant has not presented a record that substantiates his claim that the trial court failed to make both of the statutorily required findings. As noted above, the trial judge marked an X in a pre-printed form as follows:

**[X]** Family Violence has occurred and is *likely to occur in the future*. [Emphasis added].

I italicize the last clause, because on the form, those words are circled. The majority appropriately discounted the purported findings of fact attached to Appellant's brief that would clarify this discrepancy. We do not permit parties to simply attach missing portions of a record as attachments to briefs. *See* e.g., *Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, 527 S.W.3d 492, 502 (Tex. App.—El Paso 2017, no pet.); *Amarillo v. R.R. Commn. of Texas*, 511 S.W.3d 787, 793 (Tex. App.—El Paso 2016, no pet.).

But now Appellant has come forward to request that we allow the county clerk to supplement the record under TEX. R. APP. P. 34.5(b). Of course, supplementing the record after the case has been submitted (and here an opinion issued) is a big ask. This Court has expended its resources deciding and issuing an opinion based on the record as it existed at the time of submission. Requests for post-submission supplementation are often denied. *See Crown Life Ins. Co. v. Est. of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991). The more accepted circumstance is a pre-submission request to supplement the record which is liberally granted. *Soto v. El Paso Nat. Gas Co.*, 942 S.W.2d 644, 644–45 (Tex. App.—El Paso 1996, no pet.) (per curiam). But even post submission-post opinion supplementation is not automatically foreclosed. In *Silk v. Terrill,* 898 S.W.2d 764, 766 (Tex. 1995), a plaintiff took an appeal from a summary judgment in favor of a doctor defendant in a medical malpractice action. The plaintiff requested that the district clerk include the motion for summary judgment in the transcript, which should have had the doctor's

affidavit attached as an exhibit.[1] In fact, the affidavit was filed as a separate document that never made it into the clerk's record. As here, the appellant attached a copy of the affidavit to her brief rather than seek formal supplementation. *Id.* at 765. And as here, the court of appeals affirmed without reaching the merits based upon the inadequate record. The court of appeals refused to allow supplementation of the record to include the missing affidavit. *Id.*

The Supreme Court, however, reversed reasoning that:

> [T]he omitted affidavit of Dr. Terrill was never at issue. Silk conceded that Terrill's affidavit sufficiently negated every element of negligence and thus shifted the burden of proof to her to establish the existence of material issue of fact. Further, the court of appeals had Terrill's affidavit before it. While attaching an affidavit or pleading to an appellate brief will not suffice to make it part of the record, there can be no contention that the court of appeals was in any way misled or that the omitted part of the record was material to a decision on the merits.

*Id.* at 766.

We followed *Silk* in *Soto v. El Paso Nat. Gas Co.*, a case where post-oral argument, but prior to issuance of the opinion, we allowed a supplemental record to include a motion for partial summary judgment. 942 S.W.2d at 644–45. In *Soto*, it was clear the party resisting the supplementation was not surprised by the item at issue and did not raise the problem with the record until the day of oral argument. We noted the Texas Supreme Court's view that:

> Judicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature. In the interests of justice and fair play, cases should be decided on the merits when deficiencies of this nature can be easily corrected.

---

[1] In our case, there was no formal request by Appellant designating matters to be included in the clerk's record, but by rule, the county clerk should as a matter of course include any findings of fact and conclusions of law. *See* Tex. R. App. P. 34.5(a)(4). Appellant's motion for leave faults our Court's clerk for not following up to ensure that the findings of fact were included in the record. I reject that argument out-of-hand, because even if such a duty exists—a proposition I find dubious at best—our clerk never had a complete docket sheet to even know what pleadings and orders were actually filed below.

*Id*. at 645, *quoting Silk,* 898 S.W.2d at 766.[2] Later, our Court also allowed for the supplementation of the reporter's record in an appeal from a parental termination judgment, when the record deficiency was first raised in oral argument. *Castaneda v. Texas Dept. of Protective and Reg. Services*, 148 S.W.3d 509, 521 (Tex. App.—El Paso 2004, pet. denied) (noting, however "the constitutional dimension of the parent-child relationship" informed that decision); *see also In re K.C.B.*, 251 S.W.3d 514, 517 (Tex. 2008) (allowing post-opinion motion for leave to supplement clerk's record, similarly citing constitutional dimensions in parental termination cases).

The issuance of a protective order is a significant event. Violation of its terms expose a party to criminal penalties. TEX. PENAL CODE ANN. § 25.07(a). The terms of the order itself restrict certain freedoms, including associational rights and the ability to possess a firearm. To be clear, the request to supplement the record, particularly at this late stage, should be justified by "unusual circumstances." *In re Cooper*, 06-10-00057-CV, 2010 WL 3136958, at *2 (Tex. App.—Texarkana Aug. 6, 2010, orig. proceeding) (mem.op.) (collecting cases). Given the interests at stake, the relatively simple record before us on this one-issue appeal, and the fact that the State never raised the record deficiency on appeal, nor disputed the fact that the trial court issued the finding of fact at issue, I would grant the motion for leave to supplement the record, and then call for a response to the motion for rehearing.[3]

Appellant's motion to supplement at this late stage of the proceedings certainly involves

---

[2] The Texas Supreme Court later clarified that judicial economy is ill-served by a post-opinion motion to supplement the record that would require a new decision on the merits. *Worthy v. Collagen Corp.*, 967 S.W.2d 360, 366 (Tex. 1998). But it did so in a case where the court of appeals decided the case not on a procedural technicality, but on a record that the appellant failed to supplement even after requesting and being granted leave to do so. *Id*.

[3] The State did raise below *Pena v. Garza*, 61 S.W.3d 529, 532 (Tex. App.—San Antonio 2001, no pet.), a case that holds the trial court is not *required* to file additional findings of fact in protective order case beyond those in the protective order itself. While that may be true, it does not mean that we could simply ignore finding when a trial court decides to issue the additional findings, particularly here when they might explain the interlineation of a hand-written circle on one, but not the other, required finding on the pre-printed form order.

5

our discretion to allow or disallow the supplementation. Simply, I would exercise that discretion to allow for a complete clerk's record for the reasons stated above.

JEFF ALLEY, Justice

November 4, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.