

# NUMBER 13-23-00040-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.C.T.M., A CHILD

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

## DISSENTING MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Dissenting Memorandum Opinion by Justice Benavides**

I respectfully dissent from the dismissal of this cause for want of jurisdiction. The Supreme Court of Texas "has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). "To that end, [the supreme court] has repeatedly instructed that 'a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's

jurisdiction.'" *Chen v. Razberi Techs., Inc.*, 645 S.W.3d 773, 782 (Tex. 2022). "[T]o slam the courthouse door against [an appellant] who [is] entitled to full consideration of [her] claims on the merits," especially when the right at issue is of paramount constitutional importance, is abdication. *See Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 159, 178 (1970) (Brennan, J., concurring).

M.T.M. has filed "an instrument in a bona fide attempt to invoke" our jurisdiction not once, but twice now, and thus, the majority errs by dismissing this case. *See Chen*, 645 S.W.3d at 782.

## I.  SUMMARY OF EVENTS

On July 14, 2022, the associate judge signed an order that, among other things, terminated M.T.M.'s parental rights. M.T.M. filed a request for a de novo hearing by the trial court, seeking review of "all portions of the [associate judge's] judg[]ment." On October 24, 2022, M.T.M. filed a notice of appeal in which she sought review by our Court of the trial court's oral judgment terminating her parental rights and "any . . . judicial findings of[ f]act, orders, and judgments leading to the . . . termination of her parental rights." This October notice of appeal resulted in the creation of appellate cause number 13-22-00517-CV.

On November 8, 2022, the trial court signed an order affirming portions of the associate judge's order and "adopt[ing]" "Exhibit A" "as the final order of th[e] Court."[1] However, the clerk's record in appellate cause number 13-22-00517-CV was never supplemented to include this November order, and on January 5, 2023, we dismissed

---

[1] Exhibit A does not appear in the record.

M.T.M.'s appeal for want of jurisdiction because "there [wa]s no final, appealable order" in the record. *See In re A.C.T.M.*, No. 13-22-00517-CV, 2023 WL 105116, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 5, 2023, no pet.) (mem. op.).[2] We instructed that "[f]ollowing rendition of a final judgment or order adopting the associate judge's recommendation, any appealing party must file a new notice of appeal." *Id.*

On January 25, 2023, the trial court signed a new and different judgment, this time one that mirrored almost identically the associate judge's report. On January 30, 2023, M.T.M. filed a new notice of appeal which resulted in the creation of appellate cause number 13-23-00040-CV, seeking review of "the De Novo termination of her parental rights order and ruling." On May 15, 2023, we notified M.T.M. that her notice of appeal was untimely. M.T.M. responded on May 18, 2023, arguing that her appeal was timely because she did not receive adequate notice of the November order. *See* TEX. R. APP. P. 4.2(a)(1) (providing for the enlargement of the time to perfect an appeal if the party affected by the judgment has not received adequate notice). On May 30, 2023, the Department also filed a response to our defect notice, conceding that we have jurisdiction over this appeal. The majority now dismisses M.T.M.'s appeal yet again for want of jurisdiction.

## II. THE NOVEMBER ORDER WAS NOT FINAL

According to the majority, we lack jurisdiction over this appeal because the trial

---

[2] We also noted that "District Court Clerk Alexandra Gomez informed the Clerk of this Court that there are no signed orders or judgments memorializing the trial court's October 24, 2022 oral pronouncement." *In re A.C.T.M.*, No. 13-22-00517-CV, 2023 WL 105116, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 5, 2023, no pet.) (mem. op.).

court's November order was final and M.T.M.'s January notice of appeal was untimely. "When an order 'finally disposes of all claims and all parties' in 'clear and unequivocal language,' it is a final order." *In re R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019). "If, however, an order's finality is not 'clear and unequivocal,' then a reviewing court must examine the record to determine whether the trial court intended the order to be final." *Id.*

The majority holds that the November order "clearly and unequivocally 'disposes of all issues and all parties in the record.'" I disagree. First, the order does not include any language indicating its finality. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (per curiam). Because the order's language is not clear and unequivocal, we must look to the record to determine whether the order *actually* disposes of all claims and parties and is appealable. *Bella Palma*, 601 S.W.3d at 801. "The Family Code establishes specific requirements for final orders in suits affecting the parent-child relationship." *In re R.R.K.*, 590 S.W.3d at 539. A final order in a termination of parental rights case specifically

> must contain the following prominently displayed statement in boldfaced type, in capital letters, or underlined:
>
> "A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN DISMISSAL OF THE APPEAL."

TEX. FAM. CODE ANN. § 263.405(b). This language does not appear in the November order. The November order is also missing the findings required by § 161.206(d). *See id.*

§ 161.206(d). Omissions of statutorily-required elements "raise doubt about an order's finality." *In re R.R.K.*, 590 S.W.3d at 540. Further compounding the doubt raised by the missing statutory requirements is the order's language concerning Exhibit A. The November order states, "A final judgment is attached as Exhibit A and incorporated by reference and adopted as the final order of this Court." Thus, clearly from the November order's language, Exhibit A was "adopted as the final order of th[e] Court," and the November order was not intended, on its own, to be a final order. *See id.* at 544 ("The record reveals that no one—not the trial court and not the parties—intended the earlier memorandum to be the "final" order."). But the existence of Exhibit A is dubious at best, as it does not appear anywhere in the record. *See id.* at 543–44 ("When in doubt, the record provides . . . help.").

The majority glosses over this fact, asserting that the November order nonetheless affirmed the termination of M.T.M.'s parental rights. In her request for a de novo hearing, however, M.T.M. expressed her desire to appeal from "*all* portions of the [associate judge's] judg[]ment." (Emphasis added).[3] The November order, only two pages long, does not even address conservatorship of the child, which was an issue addressed by the associate judge's report and is certainly a fundamental issue in a case styled *In the Interest of A.C.T.M. See* TEX. FAM. CODE ANN. § 161.207(a) ("If the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court

---

[3] The Department did not object to the trial court considering "all portions of the [associate judge's] judg[]ment" below, nor does it raise it as an issue before this Court. In fact, the Department concedes that we do have jurisdiction to consider the merits of this appeal. To the extent the majority believes M.T.M. should have been more specific in her de novo hearing request, it is inappropriate to raise that issue sua sponte. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 799 (Tex. 2018) ("[W]hen parties have not raised an issue, we should not reach out unnecessarily to decide an issue on our own accord.").

5

shall appoint a suitable, competent adult, the Department . . . , or a licensed child-placing agency as managing conservator of the child."). The January order, on the other hand, addresses all aspects of the associate judge's report and includes finality language. *See Bella Palma*, 601 S.W.3d at 801.

For these reasons, I would conclude that the November order was not final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("Nothing in the order . . . indicates that it is a final judgment, and it did not dispose of all pending claims and parties. . . . Thus, we conclude that a final and appealable judgment was not rendered . . . ."). Therefore, I conclude that M.T.M.'s January 30, 2023 notice of appeal is effective to invoke our jurisdiction. *See* TEX. R. APP. P. 26.1(b).

### III. MOTHER FILED A TIMELY NOTICE OF APPEAL

Nonetheless, even if I agreed that the November order was final, M.T.M. filed a timely notice of appeal as to that order, too. On October 24, 2022, Mother filed a notice of appeal, seeking to appeal from an order the trial court purportedly rendered orally that same day and seeking our review of "any . . . judicial findings of[ f]act, orders, and judgments leading to the . . . termination of her parental rights." TEX. R. APP. P. 25.1, 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."). The majority does not explain why this notice of appeal is untimely.

The supreme court has held that "when a party . . . files a notice of appeal that is otherwise timely, the court of appeals must deem the appeal to have been timely perfected despite a non-prejudicial procedural defect." *Mitschke v. Borromeo*, 645 S.W.3d

251, 266 (Tex. 2022). Our prior dismissal of appellate cause number 13-22-00517-CV can have no prejudicial effect on appellate cause number 13-23-0040-CV because it was "for want of jurisdiction." *In re A.C.T.M.*, 2023 WL 105116, at *1; *see Armour & Co. v. Ft. Morgan S.S. Co.*, 270 U.S. 253, 258 (1926) ("If there was no jurisdiction, the decree should have recited that ground of dismissal, so as to be without prejudice."); *cf. Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect."). That the November order did not appear in the clerk's record in the earlier cause also cannot be classified as anything other than a "clerical defect," and such defects are not barriers to our exercise of jurisdiction. *Mitschke*, 645 S.W.3d at 258. Thus, whatever procedural hiccup was caused by the dismissal of appellate cause number 13-22-00517-CV, it has no preclusive effect on the appeal currently pending before us.

"The primary 'factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) (per curiam). The current case stems from a notice of appeal filed on January 30, 2023. True, it is untimely as to the November order. But we informed M.T.M. on January 5, 2023, after the trial court lost plenary power over its November order, that she would be required to file a new notice of appeal. *In re A.C.T.M.*, 2023 WL 105116, at *1. M.T.M.'s "actions, in accordance with [our memorandum opinion], constituted 'a bona fide attempt to invoke the appellate court jurisdiction.'" *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (per curiam).

7

"The appellate rules must be construed 'reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.'" *Chen*, 645 S.W.3d at 775; *see Warwick Towers Council of Co-Owners v. Paul Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) ("Our consistent policy has been to apply rules of procedure liberally to reach the merits of the appeal whenever possible."). The rules of appellate procedure provide, without reservation, that "a prematurely filed notice of appeal is effective." TEX. R. APP. P. 27.1(a). A reasonable and, frankly, textual interpretation of the rules of appellate procedure is one that classifies the October 24, 2022 notice of appeal as a timely filed notice of appeal, effective to invoke our jurisdiction. *See* TEX. R. APP. P. 25.1, 27.1(a), 27.2. Any other interpretation is not "absolutely necessary," and is thus inappropriate. *See Chen*, 645 S.W.3d at 775.

The supreme court has instructed numerous times that a timely filed, but defective, notice of appeal is effective to invoke our jurisdiction. *See generally In re J.M.*, 396 S.W.3d at 530 ("In cases challenging the validity of a notice of appeal, '[the Texas Supreme] Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction." (quoting *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam)). In a case where a notice of appeal was filed in the wrong cause number, the supreme court held this did not defeat the appellate court's jurisdiction to review an appeal from the correct cause number. *Blankenship*, 878 S.W.2d at 138. Where an appellant filed a notice of appeal as to only one final order, but discussed two final orders in his brief, the supreme court held this defect did not defeat the appellate court's jurisdiction to review both orders. *Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994). In a case where

8

a party was omitted from a notice of appeal, the supreme court held that this did not defeat the appellate court's jurisdiction to review an appeal from that party. *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 305 (Tex. 2022). Again and again, the supreme court has reiterated that "[r]ather than disposing of appeals based on harmless procedural defects, '[we] should reach the merits of an appeal whenever reasonably possible.'" *Horton v. Stovall*, 591 S.W.3d 567, 567 (Tex. 2019) (per curiam) (citing *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)); *see, e.g.*, *Mitschke*, 645 S.W.3d at 266 (holding that a motion for new trial was effective to extend time to perfect appeal, even though it was filed in the wrong cause number); *CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) (instructing an appellate court to treat an appeal from unappealable interlocutory order as a petition for writ of mandamus); *Sweed*, 323 S.W.3d at 875 (holding that the appellate court erred in dismissing a restricted appeal for want of jurisdiction when the original notice of restricted appeal was timely filed, but the amended notice of restricted appeal was not); *Houser v. McElveen*, 243 S.W.3d 646, 647 (Tex. 2008); *Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) ("Absent a finding that an appellant's conduct was deliberate or intentional, the court of appeals should ordinarily accept the appellant's explanations [for untimely filings] as reasonable."); *Verburgt*, 959 S.W.2d at 616 (explaining that dismissals for want of jurisdiction based on a rule of appellate procedure should not occur unless "absolutely necessary to effect the purpose of a rule"); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("The Rules of Appellate Procedure calculate the period within which one must perfect an appeal *from the time the judgment is signed, not from the filing of a pleading.*"). I would follow this very clear precedent.

9

## IV. Conclusion

To summarize, no party contests our jurisdiction, the November order is not final, and even if it is final, a timely notice of appeal was filed as to that order. When our jurisdiction is so readily apparent from the record and the supreme court has instructed us to exercise that jurisdiction, deciding we lack jurisdiction sua sponte is almost Kafkaesque. The interest at stake here is a "constitutional interest 'far more precious than any property right.'" *In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982)). M.T.M. is "entitled to proper application of the appellate rules, regardless of the merits of h[er] case." *Sweed*, 323 S.W.3d at 875. "Judicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature." *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex. 1995). The majority does a disservice to the parties, to the child in this case, and to the ends of justice by dismissing for want of jurisdiction once again. Because this Court can and should reach the merits of this appeal, I respectfully dissent.

GINA M. BENAVIDES
Justice

Delivered and filed on the
15th day of June, 2023.

10